IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*



CHARLES ARNELL SMITH-BEY,      *

    Petitioner,      *

v.      *      **Case No.: GJH-15-2606**

JOHN WOLFE, *et al.*      *

    Respondents.      *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM OPINION

On September 2, 2015, Charles Arnell Smith-Bey filed an undated Petition for Writ of

Habeas Corpus.[1] This Petition represents the sixth federal habeas corpus action filed on behalf of

or by Smith-Bey in the past six months.[2] Smith-Bey holds himself out as an Authorized

Representative of the Moorish Divine, National Movement. He attacks his March 27, 2014

"violation of probation" conviction and five-year sentence imposed in the Circuit Court for

Charles County.[3] ECF No. 1.

---

[1] The Petition was postmarked on August 31, 2015.

[2] In each of the five prior Petitions, Smith-Bey raised claims related to his Moorish-American ancestry and the jurisdiction of state authorities to prosecute him, and each Petition was summarily dismissed without prejudice. *See Smith-Bey v. Wolfe, et al.*, Civil Action No. 15-764-GJH (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. 15-1067-GJH (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. 15-1336-GJH (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. 15-1654-GJH (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. 15-1915-GJH (D. Md.). After Smith-Bey's most recent Petition, *Smith-Bey v. Wolfe, et al.*, Civil Action No. 15-1915-GJH, the Court cautioned that any further Petitions by Smith-Bey raising a challenge to his conviction on grounds of his Moorish-American defense would be decided on the merits. *Id.* at ECF No. 3.

[3] The state court docket shows that Smith-Bey was represented by counsel in his criminal proceeding. After a jury trial before Judge Robert C. Nalley, Charles Arnell Smith was convicted of second-degree

Affording his self-represented Petition a generous construction, Smith-Bey claims that he was deprived of his right to his nationality as a Moorish-American National and Wazir/Consul of the land and the exercise of his religion secured by "de jure constitutional and treaty law." ECF No. 1 at 7–8. Smith-Bey further alleges that he was convicted under the "misrepresented corporate person-nom de guerre identity of 'CHARLES SMITH' Black African-American male." *Id.* at 9–10. He concludes by stating that in July 2014, he submitted an affidavit making a plea "to the jurisdiction of [Judge] Nalley" challenging the jurisdiction of the Circuit Court for Charles County, Maryland and demanding proof of the "delegation of authority order that grants them jurisdiction." *Id.* at 10–11. Smith-Bey argues that as no evidence of proof was ever produced, he is entitled to the entry of default judgment. *Id.* at 11. He relies on various constitutional provisions and treaties in support of his Writ.[4] *Id.* at 12–14.

Title 28 U.S.C. § 2254 requires "a person in custody pursuant to the judgment of a State court [to demonstrate] . . . that he is in custody in violation of the Constitution." Although previously warned by this Court that only constitutional claims would be subject to review, Smith-Bey has failed to set out colorable claims in support of his challenge to his 2014 Maryland conviction. Insofar as Smith-Bey is asserting that the Maryland state courts lack jurisdiction to prosecute Moorish-Americans, that argument has been repeatedly rejected. The law is clear that Moorish-Americans, like all citizens of the United States, are subject to the laws of the

---

physical child abuse in the Circuit Court for Charles County, Maryland. On March 27, 2014, he was sentenced to a five-year term. *State v. Smith*, Case Number 08K1000792 (Circuit Court for Charles County). On July 1, 2015, the Court of Special Appeals of Maryland denied Smith-Bey's application for leave to appeal. *See* http://casesearch.courts.state.md.us/casesearch.

[4] Accompanying the Writ is Smith-Bey's Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. Because he appears indigent, the Motion for Leave to Proceed In Forma Pauperis shall be granted.

jurisdiction in which they reside. *See, e.g., Bey v. Jamaica Realty*, No. 12-CV-1241(ENV), 2012 WL 1634161, *1 n. 1 (E.D.N.Y. May 9, 2012) (citation omitted); *see also El-Bey v. N. Carolina*, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), *recommendation adopted*, No. 5:11-CV-423-FL, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012); *Allah El v. Dist. Attorney for Bronx Cnty.*, No. 09 CV 8746 (GBD), 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."[5] *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases); *see also United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . .").

Smith-Bey's purported status as a Moorish-American citizen does not enable him to violate state laws without consequence. Thus, "the argument that a person is entitled to ignore the laws of the [State of Maryland] by claiming membership in the Moorish-American nation is without merit[.]" *El v. Mayor of City of New York*, 2014 WL 4954476, at *5 (E.D.N.Y. 2014) (citation omitted) (internal quotation marks omitted). "Laws of the United States apply to all

---

[5] Smith-Bey's argument, relating to his prosecution under the name of "CHARLES SMITH," sounds as a flesh-and-blood, sovereign man defense claim. These types of challenges have been repeatedly rejected by the courts. *See, e.g., United States v. Mitchell*, 405 F.Supp.2d 602, 603–06 (D. Md. 2005).

persons within its borders. Even if [Petitioner] were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003).

Habeas corpus relief will be denied. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). Smith-Bey does not satisfy this standard, and the Court declines to issue a certificate of appealability.

For the aforementioned reasons, Smith-Bey's Petition for Writ of Habeas Corpus shall be denied and dismissed with prejudice. A separate Order follows.

Dated: October 6, 2015

GEORGE J. HAZEL
United States District Judge